GUILLERMO GARAU, Plaintiff and Appellee, *v.* JUANA ORTIZ, Defendant.—JOSÉ LEBRÓN, Intervenor and Appellant.

No. 4278.   Argued March 21, 1928.—Decided July 19, 1928.

*José J. Aponte* for the appellant.   *A. Porrata Doria* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit begun in the Municipal Court of Guayama to recover the sum of $186 and costs.   To secure the judgment the complainant attached a house.   José Lebrón claimed the property as his own and intervened.   The municipal court rendered judgment against the intervenor, having previously rendered judgment by default against the principal debtor.   The intervenor appealed.   The District Court of Guayama rendered judgment for the complainant and against the intervenor.

In his first assignment of error the appellant complains because the District Court of Guayama did not separately set out the facts and the reasons it had for rendering judgment. The District Court of Guayama rendered a joint opinion and judgment, wherein, among other formal matters, it found that there was a conflict in the evidence in favor of the complainant, inasmuch as it considered the statements of the witnesses of the intervenor with respect to the title to the house not at all convincing and especially not the statement of the defendant Juana Ortiz.   The Act of June 12, 1925, Laws of that year, 178, provides as follows:

"At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence, a written

opinion which shall be attached thereto, wherein he shall state separately and briefly the facts he considers proved and his juridic reasons for his decision. When the findings of fact are based on conflicting evidence the judge shall state the reasons he may have had for deciding the conflict as he did; and, in case of appeal, the Supreme Court shall weigh said evidence and determine if the findings were warranted or not."

The written opinion was included in the judgment in a separate paragraph. While in general the court should make more of an analysis than was done in this case, we find no substantial error, especially in the absence of any request for findings in the lower court.

In this case there might have been some doubt. The evidence of the intervenor tended to show that much that the debtor Juana Ortiz owned proceeded from him. Not exactly in the evidence of the intervenor but from the whole evidence it transpired that the intervenor, although married, lived together with Juana Ortiz in the house the object of this intervention suit. On the other hand, the owner of the lot said that Juana Ortiz paid rent to him. The house was once attached in her name and subsequently released, both Juana Ortiz and Lebrón witnessing the release. An insurance agent gave testimony tending to show that the house was insured in the name of Juana Ortiz, although perhaps Lebrón paid the premium. Juana Ortiz either bought or was suffered to buy provisions in her own name from the plaintiff when he was actually present. The evidence of the workmen was perhaps dubious, but was consistent with a title in Juana Ortiz.

In this court the appellant attempts the theory, not apparently clearly raised in the court below, that he was a married man and as such had no right to make a donation to Juana Ortiz. This was not a case of a donation. It is possible, although the testimony showed that Juana Ortiz earned money independently, that most of the purchase money came from Lebrón, but there is no direct evidence

of a donation. Nevertheless, Juana Ortiz was allowed by him and encouraged by him to hold herself out to the world as the owner of the house until it was actually attached, and under the circumstances he should be estopped from denying her title. In any event, after such conduct, the intervenor should have proved a clear title which two courts have decided he failed to do.

The judgment appealed from should be affirmed.